IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JEROME EKPO ESCHOR Individually and as Father; and ARITA ESCHOR & VENITTA BODY and Personal Representatives and ADMINISTRATORS of the Estate of ATATIANA CARR a/k/a ATATIANA JEFFERSON, Deceased Plaintiffs.<br><br>v.<br><br>CITY OF FORT WORTH, TEXAS, and AARON DEAN Individually and as an agent and/or an Employee of the CITY OF FORT WORTH, Defendants. | CIVIL ACTION: 4:20-cv-01242-Y |

## PLAINTIFFS FIRST AMENDED COMPLAINT

Now comes the Plaintiff, JEROME EKPO ESCHOR, Individually, as Surviving Father; along with ARITA ESCHOR and VENITTA BODY as Personal Representatives of the Estate of Atatiana Carr a/k/a Atatiana Jefferson, deceased, complaining of the acts and omissions of Defendants, AARON DEAN and the CITY OF FORT WORTH; and in support of their FIRST AMENDED COMPLAINT states as follows:

## PARTIES

1. Plaintiff, JEROME EKPO ESCHOR is a person of the full age of majority and a citizen and resident of Uyo, Akwa Ibom State, Nigeria. JEROME EKPO ESCHOR sues on behalf of himself under the theory of wrongful death pursuant to 42 U.S.C. §1983 and any and all other statutes and theories of recovery described herein.

2. Plaintiffs, ARITA ESCHOR is a resident of Portland, Oregon and Plaintiff, VENITTA BODY is a resident of Mesquite, Texas. Plaintiffs ARITA ESCHOR and VENITTA BODY are qualified to serve and act as Representatives of the Estate of Atatiana Carr a/k/a Atatiana Jefferson.

3. Plaintiffs ARITA ESCHOR and VENITTA BODY bring their survival action pursuant to 42 U.S.C. §1983 and any and all other statutes and theories of recovery described herein.

4. Defendant, AARON DEAN, Badge # 4598, is a resident of Texas, and is an Officer and Law Enforcement Officer for the City of Fort Worth Police Department. At all times relevant to this cause, AARON DEAN was operating under color of law and in the course and scope of his agency and/or employment relationship with The City of Fort Worth and pursuant to the City of Forth Worth Police Department's customs, policies, and practices which were the primary reason behind the constitutional violations asserted herein. Defendant, AARON DEAN may be served care or the Office of the City Attorney, City of Fort Worth, Texas at City Hall 200 Texas Street, Fort Worth, Texas 76102.

5. Defendant, THE CITY OF FORT WORTH is located City Hall, 200 Texas Street, Fort Worth, Texas 76102. Defendant the City of Fort Worth employed persons including Defendant Aaron Dean who, in the course and scope of his employment, was obliged to enforce the laws in City of Fort Worth.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims raised in this Complaint under 42 U.S.C. § 1983 and 1988, and 28 U.S.C. §1331.

7. Venue is appropriate in the Northern District of Texas Under 28 U.S.C. § 1391 as Defendants reside, and the acts complained of arose, in the Northern District of Texas.

8. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate pendent claims arising under the laws of the State of Texas and seeks recovery under the Wrongful Death and Survival Statutes of the State of Texas as allowed by law.

9. The amount in controversy exceeds $75,000 exclusive of interest and costs.

## FACTS

10. Atatiana Carr was the 28-year old beloved younger child of Plaintiff Jerome Eschor and Yolanda Carr, Deceased. Atatiana later assumed the name Atatiana Jefferson. Atatiana earned B.S. Degree in Chemistry-Pre-Med from the acclaimed Xavier University in Louisiana. Atatiana had returned home to assist her mother, Yolanda to convalesce during health failures; to be near her siblings, and nephews; and to work to save money for Medical School. Atatiana was shot dead on October 12, 2019 in her home. Atatiana's untimely death was at the hands of Fort Worth Police Officer, Aaron Dean. Atatiana was at home to Texas, not violating any laws of the state. Her shooting was without provocation or excuse.

11. On or about October 12, 2019, Aaron Dean was an employee of the City of Fort Worth as a Police Officer with the City of Fort Worth Police Department.

12. Defendant, the City of Fort Worth employed Defendant, Aaron Dean who had a duty to enforce the laws in City of Fort Worth. Defendant, Aaron Dean's conduct during the course and scope of employment caused the untimely death of Atatiana Carr a/k/a Atatiana Jefferson.

13. On or about October 12, 2019, Atatiana Carr a/k/a Atatiana Jefferson was babysitting and playing video games with her 8-year-old nephew at her residence in Fort Worth, Tarrant County Texas.

14. On or about October 12, 2019, Atatiana Carr a/k/a Atatiana Jefferson's neighbor called the police to request a welfare check on Atatiana Carr a/k/a Atatiana Jefferson's Fort Worth home after he discovered the door to the residence open for several hours. Defendant, AARON DEAN was one of the two officers who reported to conduct a simple welfare check on the residence.

15. On October 12, 2019, Defendant, Dean walked directly through a gate and into the backyard, instead of knocking on the front door of the residence or announcing his presence. Atatiana was not aware of the police officers' presence at the house. Neither officer announced themselves. Defendant, AARON DEAN, failed to identify himself, or to alert Atatiana of his presence. Dean breached the safety and seclusion of Atatiana's property. Dean, immediately, within seconds of seeing the resident inside of her home; shot her dead through a window of the home. Defendant dean in his prowl around the backyard of her home, caused Atatiana fear and uncertainty. Dean shot Atatiana, causing pain and suffering. Dean failed to render medical aide to Atatiana.

16. On October 12, 2019, Atatiana died in her home as a result of a deadly gunshot injury she suffered because of Defendant Aaron Dean' unauthorized and unreasonable conduct.

17. On October 12, 2019, Atatiana Carr a/k/a Atatiana Jefferson was survived by her father, Plaintiff, JEROME EKPO ESCHOR, and her mother Yolanda Carr. Yolanda Carr died on January 9, 2020. Atatiana is also survived by half-siblings, Ashley Carr and Adarius Carr. Atatiana is survived by her whole sister, Amber Carr.

18. The Defendants named above caused and are responsible for the unlawful and unauthorized conduct exhibited by Defendant Aaron Dean during the course and scope of his employment as a police officer for the City of Fort Worth and Fort Worth Police Department.

19. The Defendants caused bodily injury to Atatiana Carr a/k/a Atatiana Jefferson by, among other things, personally participating in the unlawful conduct, acts or omissions, or by jointly acting with others who did so; by authorizing, acquiescing in or setting into motion policies, practices, plans or actions that led to the unlawful conduct; by failing and refusing with deliberate indifference to Atatiana Carr a/k/a Atatiana Jefferson's constitutionally protected rights to initiate and maintain adequate training and supervision; and by ratifying the unlawful conduct that occurred by agents and officers under their discretion and control, including failing to take remedial or disciplinary action.

20. The Defendants each acted under color of law and deprived Atatiana Carr a/k/a Atatiana Jefferson of her constitutional rights, including her right to be free from excessive and unreasonable use of force in violation of the Fourth Amendment and pursuant to 42 U.S.C. § 1983.

21. Defendants were deliberately indifferent to protecting Atatiana Carr a/k/a Atatiana Jefferson from harm by systematically failing to provide adequate training and supervision to its officers, uphold Atatiana Carr a/k/a Atatiana Jefferson's constitutional rights, and providing urgently needed medical care. Defendants acted with high disregard for the rights of others, and their conduct was extreme and unreasonable under the circumstances. Defendants conduct was the cause of Atatiana Carr a/k/a Atatiana Jefferson untimely death.

**Count I**

**Aaron Dean – Violation of Constitutionally Protected Civil Rights**

**(42 U.S.C. § 1983, Excessive Force)**

Plaintiff re-alleges Paragraphs 1-21 of the Complaint.

22. Prior to October 12, 2019, Defendant Aaron Dean was reprimanded for unprofessional conduct.

23. Prior to October 12, 2019, the City of Fort Worth and the City of Fort Worth Police Department knew or should have known that Defendant Aaron Dean exhibited a pattern of escalating encounters with the public in violation of well-established police practices.

24. On October 12, 2019, Defendant Aaron Dean acted under color of law.

25. Atatiana Carr a/k/a Atatiana Jefferson was in a special relationship with the Defendant, within the meaning of the case law interpreting 42 U.S.C. § 1983 and the Constitution, which guarantees equal protection of the laws and prohibits any person acting under color of federal law, from subjecting any person to unlawful search and seizure without due process of law.

26. Defendant, acting under color of law and within the scope of his responsibilities or employment and authority, intentionally and with conscious, callous, deliberate and unreasonable indifference deprived Atatiana Carr a/k/a Atatiana Jefferson of her constitutional rights.

27. The Defendant's conduct described above constitutes gross negligence, recklessness and unreasonable and deliberate indifference to Atatiana Carr a/k/a Atatiana Jefferson's rights under the Fourth Amendment to the United States Constitution and violated 42 U.S.C. § 1983.

28. The above-described acts by Defendant Aaron Dean demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Atatiana Carr a/k/a Atatiana Jefferson as provided in the Constitution. As a result of Defendant Aaron Dean's violations of Atatiana Carr a/k/a Atatiana Jefferson's constitutional rights, Atatiana Carr a/k/a Atatiana Jefferson suffered substantial injuries, including but not limited to physical injury, pain and suffering, mental anguish, damages and, ultimately death.

29. Atatiana Carr a/k/a Atatiana Jefferson exercised her rights, or attempted to do so, under the United States Constitution.

30. Defendant Aaron Dean deprived Atatiana Carr a/k/a Atatiana Jefferson of her rights guaranteed by the United States Constitution and federal statutes. Defendant's deprivation of the constitutional protected rights of another was the result of the failure to provide adequate training and supervision to police officers.

31. Defendant Aaron Dean acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Atatiana Carr a/k/a Atatiana Jefferson of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

32. Defendant Aaron Dean acted under color of law and deprived Atatiana Carr a/k/a Atatiana Jefferson of her constitutional rights, including her right to be free from excessive and unreasonable force in violation of the provisions of the Fourth Amendment.

33. As a direct and proximate result of the foregoing, Defendant Aaron Dean, individually and as an agent and/or employee of the City of Fort Worth and the City of Fort Worth Police Department, deprived Atatiana Carr a/k/a Atatiana Jefferson of her constitutional rights and privileges as a citizen of the United States, and Defendant Aaron Dean caused Atatiana Carr a/k/a Atatiana Jefferson to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

34. The claims and causes of action for injuries to the health, reputation, and person sustained by Atatiana Carr a/k/a Atatiana Jefferson are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

35. The claims and causes of action for the wrongful death of Atatiana Carr a/k/a Atatiana Jefferson are brought by her father, JEROME EKPO ESCHOR on behalf of himself and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

## Count II

**Aaron Dean – Assault and Battery**

Plaintiff re-alleges Paragraphs 1-35 of the Complaint.

36. On or about October 12, 2019, Defendant Aaron Dean committed a battery upon Atatiana Carr a/k/a Atatiana Jefferson when he intentionally, knowingly, and/or recklessly shot Atatiana Carr a/k/a Atatiana Jefferson through a window at her residence causing severe bodily injury and death.

37. On or about October 12, 2019, Defendant Aaron Dean committed an assault upon Atatiana Carr a/k/a Atatiana Jefferson when he intentionally, knowingly, and/or recklessly pointed a gun at Atatiana Carr a/k/a Atatiana Jefferson while she was lawfully present in her residence.

38. On or about October 12, 2019, Defendant Aaron Dean committed an assault upon Atatiana Carr a/k/a Atatiana Jefferson when he intentionally, knowingly, and/or recklessly threatened Atatiana Carr a/k/a Atatiana Jefferson with bodily injury by pointing a gun at her and saying words to the effect "Put your hands up" as she lawfully resided in her residence.

39. On or about October 12, 2019, Defendant Aaron Dean committed an assault and battery upon Atatiana Carr a/k/a Atatiana Jefferson when he intentionally, knowingly, and/or recklessly used excessive force on Atatiana Carr a/k/a Atatiana Jefferson while she resided in her residence.

40. Defendant Aaron Dean was not privileged to take the action or use force, and such action was not necessary under the circumstances.

41. As a direct and proximate result of the foregoing, Defendant Aaron Dean, individually and as an agent and/or employee of the City of Fort Worth and the City of Fort Worth Police Department, assaulted and battered Atatiana Carr a/k/a Atatiana Jefferson, and Defendant Aaron Dean caused Atatiana Carr a/k/a Atatiana Jefferson to suffer injury and death, of which has

caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional limit, to be proven at trial.

42. The claims and causes of action for injuries to the health, reputation, and person sustained by Atatiana Carr a/k/a Atatiana Jefferson are brought in this action as an alternative pendent state law claim pursuant to Texas Penal Code section 22.01.

## Count III

**Aaron Dean – Willful and Wanton – Survival**

Plaintiff re-alleges Paragraphs 1-42 of the Complaint.

43. Prior to October 12, 2019, Defendant Aaron Dean was reprimanded for unprofessional conduct.

44. Prior to October 12, 2019, the City of Fort Worth and the City of Fort Worth Police Department knew or should have known that Defendant Aaron Dean exhibited a pattern of escalating encounters with the public.

45. On October 12, 2019, Defendant Aaron Dean acted under color of law.

46. In the events alleged above, Defendant Aaron Dean acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Atatiana Carr a/k/a Atatiana Jefferson of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

47. The above-described acts and omissions by Defendant Aaron Dean demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Atatiana Carr a/k/a Atatiana Jefferson. Defendant Aaron Dean was not privileged in his actions, failed to identify himself and provide notice of his presence outside of Atatiana Carr a/k/a Atatiana Jefferson's residence.

48. As a result of Defendant Aaron Dean's violations of Atatiana Carr a/k/a Atatiana Jefferson's constitutional rights, Atatiana Carr a/k/a Atatiana Jefferson suffered substantial injuries, including but not limited to physical injury, pain and suffering, mental anguish, damages and, ultimately, death.

49. Atatiana Carr a/k/a Atatiana Jefferson exercised her rights, or attempted to do so, under the United States Constitution.

50. Defendant Aaron Dean deprived Atatiana Carr a/k/a Atatiana Jefferson of her rights guaranteed by the United States Constitution and federal statutes. Defendant Aaron Dean intentionally shot through the window causing the death of Atatiana Carr a/k/a Atatiana Jefferson in violations of her Constitutional protected rights.

51. As a direct and proximate result of the foregoing, Defendant Aaron Dean individually and as an agent and/or employee of the City of Fort Worth and the City of Fort Worth Police Department, deprived Atatiana Carr a/k/a Atatiana Jefferson of her rights and privileges as a citizen of the United States, and Defendant caused Atatiana Carr a/k/a Atatiana Jefferson to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

52. The claims and causes of action for injuries to the health, reputation and person sustained by Atatiana Carr a/k/a Atatiana Jefferson are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

## Count IV

**City of Fort Worth and City of Fort Worth Police Department – Institutional Liability – Survival**

Plaintiff re-alleges Paragraphs 1-52 of the Complaint.

53. Prior to October 12, 2019, Defendant Aaron Dean was reprimanded for unprofessional conduct.

54. Prior to October 12, 2019, Defendant the City of Fort Worth and the City of Fort Worth Police Department knew or should have known that Defendant Aaron Dean exhibited a pattern of escalating encounters with the public.

55. On October 12, 2019, Defendant Aaron Dean was an agent and/or employee of Defendant the City of Fort Worth and the City of Fort Worth Police Department.

56. In the events alleged above, Defendant the City of Fort Worth and the City of Fort Worth Police Department, by and through its agent and/or employee, Defendant Aaron Dean, acted contrary to law, and intentionally and unreasonably deprived Atatiana Carr a/k/a Atatiana Jefferson of her rights, privileges and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983 in a willful and wanton fashion.

57. Prior to October 12, 2019, and at all times relevant, Defendant City of Fort Worth and the City of Fort Worth Police Department was responsible for training its law enforcement officers, including but not limited to Defendant Aaron Dean with regard to how to conduct proper welfare checks, but failed to fully, adequately, and properly do so.

58. Prior to October 12, 2019, and at all times relevant, Defendant the City of Fort Worth and the City of Fort Worth Police Department failed to properly evaluate its law enforcement personnel's qualifications, training, demeanor, and fitness-for-duty as City of Fort Worth Police officer, including but not limited to, Defendant Aaron Dean.

59. The above-described acts and omissions by Defendant the City of Fort Worth and Fort Worth Police Department, namely failing to provide adequate training demonstrate a deliberate indifference to and conscious disregard for the constitutional rights and safety of

Atatiana Carr a/k/a Atatiana Jefferson. Defendants' acts or omission constitute a pattern of unreasonable conduct or custom that directly caused bodily injury and death to Atatiana Carr a/k/a Atatiana Jefferson.

60. As a result of the violations of Atatiana Carr a/k/a Atatiana Jefferson's constitutional rights by Defendant the City of Fort Worth and the City of Fort Worth Police Department, through its agent and/or employee, Defendant Aaron Dean, his described willful and wanton conduct, Atatiana Carr a/k/a Atatiana Jefferson suffered substantial injuries, damages and, ultimately, death

61. Atatiana Carr a/k/a Atatiana Jefferson exercised her rights, or attempted to do so, under the United States Constitution.

62. Defendant the City of Fort Worth and the City of Fort Worth Police Department, by and through its agent and/or employee, Defendant Aaron Dean, deprived Atatiana Carr a/k/a Atatiana Jefferson of her rights guaranteed by the United States Constitution and federal statutes.

63. As a direct and proximate result of the foregoing conduct Defendant the City of Fort Worth and the City of Fort Worth Police Department, by and through its agent and/or employee, Defendant Aaron Dean, deprived Atatiana Carr a/k/a Atatiana Jefferson of her rights and privileges as a citizen of the United States, and caused Atatiana Carr a/k/a Atatiana Jefferson to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

64. The claims and causes of action for injuries to the health, reputation and person sustained by Atatiana Carr a/k/a Atatiana Jefferson are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

**Count V**

**City of Fort Worth – Institutional Liability – Wrongful Death** Plaintiff re-alleges Paragraphs 1-64 of the Complaint.

65. On October 12, 2019, Defendant Aaron Dean was an agent and/or employee of City of Fort Worth through his employment at the City of Fort Worth Police Department.

66. In the events alleged above, City of Fort Worth, by and through its agents and/or employees, Defendant Aaron Dean, and others, acted contrary to law, and intentionally and unreasonably deprived Atatiana Carr a/k/a Atatiana Jefferson of her rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983 in a willful and wanton fashion.

67. The above-described acts and omissions by Defendants demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Atatiana Jefferson.

68. As a result of the violation of Atatiana Carr a/k/a Atatiana Jefferson's constitutional rights by City of Fort Worth Police Office agents and/or employees, Defendant Aaron Dean, and others, Atatiana Carr a/k/a Atatiana Jefferson suffered substantial injuries, damages and, ultimately, death.

69. On or about October 12, 2019, at various points in time, Atatiana Carr a/k/a Atatiana Jefferson was not adequately informed of the presence or identification of police officers outside her residence.

70. On or about October 12 2019, Defendant City of Fort Worth Police Department and Aaron Dean, and others were willful, wanton, and recklessly exhibited a conscious disregard for the safety of Atatiana Carr a/k/a Atatiana Jefferson by using excessive force and failing to keep her free from injury, harm, and death.

71. Defendant City of Fort Worth, by and through its agents and/or employees, Defendant Aaron Dean, and others, deprived Atatiana Carr a/k/a Atatiana Jefferson of her rights guaranteed by the United States Constitution and federal statutes.

72. As a direct and proximate result of the foregoing, Defendant, City of Fort Worth, by and through its agents and or employees, including Defendant Aaron Dean, and others, deprived Atatiana Carr a/k/a Atatiana Jefferson of her rights and privileges as a citizen of the United States, and caused Atatiana Carr a/k/a Atatiana Jefferson to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

73. The claims and causes of action for the wrongful death of Atatiana Carr a/k/a Atatiana Jefferson are brought by her father JEROME EKPO ESCHOR on behalf of himself and as a rightful heir, pursuant to Texas Civil Practice and Remedies Code sections 71.002-004.

## Count VI

### Count XIV §1983 and Supervisory Liability Claim –

### City of Fort Worth Police Department

Plaintiff realleges paragraphs 1-73.

74. The actions of Defendants, which resulted in Atatiana Carr a/k/a Atatiana Jefferson's death, were done pursuant to one or more interrelated *de facto* as well as explicit policies, practices and/or customs of the Defendant, City of Fort Worth and the City of Fort Worth Police Department, its personnel division, its agents, and/or its officials.

75. Defendants the City of Fort Worth and the City of Fort Worth Police Department, acting at the level of official policy, practice, and custom, with deliberate, callous, conscious and unreasonable indifference to Atatiana Carr a/k/a Atatiana Jefferson's constitutional rights,

authorized, tolerated, and institutionalized the practices and ratified the illegal conduct herein detailed, and at all times material to this Complaint the Defendant City of Fort Worth and the City of Fort Worth Police Department, its Boards, its Personnel Divisions, its agents and/or officials had interrelated *de facto* policies, practices, and customs which include, *inter alia*:

    a.    Utilizing or condoning the use of excessive force during a wellness check at the residence of Atatiana Carr a/k/a Atatiana Jefferson;

    b.    Failing to properly train, supervise, discipline, transfer, monitor, counsel and otherwise control patrolmen and/or officers;

    c.    Failing and refusing to correct, discipline, and follow up on the actions of Defendant Aaron Dean;

76.    Defendant the City of Fort Worth Police Department adopted, implemented, supplemented, reinforced, and promulgated policies, customs, and practices, as set forth above, all of which were a proximate cause and a moving force in the death of Atatiana Carr a/k/a Atatiana Jefferson.

77.    By their deliberate indifference, Defendants the City of Fort Worth Police Department implemented and encouraged policies, practices, and customs with deliberate indifference to the rights of citizens.

78.    Said policies, practices and customs, as set forth, both individually and together, were maintained and implemented with deliberate indifference and were unreasonable; and encouraged, *inter alia*, the failure to properly conduct a safety/welfare check.

79.    As a direct and proximate result of the acts and conduct of Defendant, Plaintiff suffered injuries and death.

## Damages

80. Defendants are jointly and severally liable for the wrongs complained of herein, either by virtue of direct participation or by virtue of encouraging, aiding, abetting, committing, and/or ratifying and condoning the commission of the above described acts and/or omissions.

81. Plaintiff and Plaintiff's Decedent suffered compensatory, special, and punitive damages for the following:

a. Extreme mental anguish and emotional distress as a result of being physically assaulted, and battered by Defendant Aaron Dean;

b. Extreme physical abuse, mental anguish and emotional distress as a result of the intentional infliction of emotional distress to which Defendant Aaron Dean subjected Plaintiff;

c. Violation of Plaintiff's civil rights by Defendants Aaron Dean, City of Fort Worth, and the City of Fort Worth Police Department; and

d. Punitive damages for egregious acts and omissions of Defendants Aaron Dean, the City of Fort Worth, and the City of Fort Worth Police Department.

e. Plaintiff is entitled to attorney's fees for litigation of this matter.

f. Plaintiff requests and is entitled to a trial by jury.

## Prayer for Relief

80. JEROME EKPO ESCHOR, as Father and Personal Representative of the estate of Atatiana Carr a/k/a Atatiana Jefferson, deceased, prays that for judgment on her behalf and against defendants jointly and severally, as follows:

a. Compensatory, special, and punitive damages;

b. The cost of this action and reasonable attorney fees as provided by 42 U.S.C. § 1983;

c. Judicial interest from date of judicial demand;

d. Trial by jury; and

Such further relief as this Court deems just and equitable.

Respectfully Submitted By:

T.J. Solomon Law Group, PLLC

(Pending Pro Hac Admission)

*Tanika J. Solomon*
Tanika J. Solomon
TBN: 24057713
2120 Welch Street
Houston, Texas 77019
Phone. 713-640-5956
Fax: 713-640-5944
E-Service: attorney@tjsololaw.com

and

Law Office of Bassey O. Akpaffiong

   /s/ Bassey O. Akpaffiong   
State Bar No. 240006745
14090 Southwest Freeway, Suite 300
Sugar Land, Texas 77478
Phone: 281-340-8536
Fax: 866-868- 5585
E-Service: akpaffionglaw@gmail.com

**ATTORNEYS FOR PLAINTIFFS**